# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-698V
Filed: July 6, 2017
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * *
LISA OTTO, as Parent and Legal  \*
Representative of her minor daughter,  \*
A.O.,  \*
   \*
       Petitioner,  \*   Attorneys' Fees and Costs;
  v.  \*   Special Processing Unit (SPU)
   \*
SECRETARY OF HEALTH  \*
AND HUMAN SERVICES,  \*
   \*
       Respondent.  \*
   \*
* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Ramon Rodriguez, III, Rawls, McNelis and Mitchell, P.C., Richmond, VA, for petitioner.*
*Lara Englund, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

    On August 4, 2014, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that her minor child, A.O. suffered left upper extremity pain, weakness, paresthesias, and brachial neuritis as a result of the meningitis or varicella vaccinations she received on July 15, 2011 or diphtheria, tetanus, acellular pertussis vaccinations she received on August 8, 2011. Petition at 1. On December 9, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 47).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On May 15, 2017, petitioner filed a motion for attorneys' fees and costs, requesting attorneys' fees in the amount of $57,328.30 and attorneys' costs in the amount of $19,381.19[3] for a total amount for attorneys' fees and costs of $76,709.49. Petitioner's Motion for Attorneys' Fees and Costs ("Pet. Motion") at 5, 9 (ECF No. 52). Additionally, in compliance with General Order #9, petitioner filed a signed statement indicating she incurred $685.16 in out-of-pocket costs. *See* Exhibit 36, filed as Attachment #4 to Pet. Motion. Thus, the total amount requested by petitioner is $77,394.65.

On June 1, 2017, respondent filed a response. (ECF No. 53). In his response, respondent states "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent does state that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent further states that the "Federal Circuit has also made clear that special masters may rely on their prior experience in making reasonable fee determinations, without conducting a line-by-line analysis of the fee bill, and are not required to rely on specific objections raised by respondent." *Id.* Thus, respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs in this case." *Id.* at 3. Petitioner filed no reply.

Petitioner seeks attorneys' fees in the amount of $57,328.30 which reflects the following hourly rates:

1) $323 for work performed in 2012 by Dr. Rodriguez;
2) $348 for work performed in 2014 by Dr. Rodriguez;
3) $361 for work performed in 2015 by Dr. Rodriguez;
4) $375 for work performed in 2016 by Dr. Rodriguez;
5) $389 for work performed in 2017 by Dr. Rodriguez;
6) $131 for paralegal work performed in 2014;
7) $135 for paralegal work performed in 2015;
8) $140 for paralegal work performed in 2016; and
9) $145 for paralegal work performed in 2017.

Pet. Motion at 4-5. The undersigned has previously awarded attorneys' fees based upon the same hourly rates requested in this case for work performed by this attorney and at least one of the paralegals in this case in 2014-2016. *See Zdroik v. Sec'y of Health & Human Servs.*, No. 15-468V, 2017 WL 767852 (Fed. Cl. Spec. Mstr. Feb. 3, 2017). These rates are within the ranges set forth in the Office of Special Masters

---

[3] The costs in this case was higher than most SPU cases because petitioner was ordered to file an expert report and supporting documentation and because the case was referred to alternative dispute resolution ("ADR"). *See* Exhibits 18-23, filed Apr. 28, 2015 (ECF No. 19); Order Referring Case to ADR, filed Dec. 4, 2015 (ECF No. 30).

Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016 which can be found on the court's website.[4]  The undersigned also finds the hourly rate of $323 for work performed by Dr. Rodriguez in 2012 and the hourly rates requested for work performed by paralegals in 2014-2017 to be reasonable.

The undersigned finds that an increase in hourly rate is warranted for work performed by this attorney in 2017 but calculates the 2017 rate for Dr. Rodriguez using the increase in the Producer Price Index – Offices of Lawyers ("PPI-OL").[5]  Thus, the undersigned will award attorneys' fees based upon an hourly rate of $383 for work performed in 2017 by Dr. Rodriguez.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on all of the above, the undersigned finds that petitioner's counsel is entitled to reasonable attorneys' fees and costs as follows:

| | |
|---|---|
| Total Amount of Attorneys' Fees Sought | $57,328.30 |
| 8.5 Hours Reduced from an Hourly Rate of $389 to $383 | - $51.00 |
| **Total Amount of Attorneys' Fee Awarded** | **$57,277.30** |
| **Total Amount of Attorneys' Costs Awarded** | **$19,381.19** |
| **Total Amount of Petitioner's Costs Awarded** | **$685.16** |

**Accordingly, the undersigned awards the total of $<u>77,343.65</u>[6] as follows:**

- **A lump sum of $76,658.49, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Ramon Rodriguez; and**

- **A lump sum of $685.16, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

---

[4] http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf (last visited on July 5, 2017).

[5] The increase in PPI-OL was recently used to calculate a new schedule for 2017 forum rates.  *See* Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule: 2017 ("2017 Fee Schedule") at http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf (last visited on July 5, 2017).

[6] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.